IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JUAN C. LINARES-ACEVEDO**, *et al.*,

   Plaintiffs,

   v.

**DONALD ACEVEDO**, *et al.*,

   Defendants.

Civil No. 12-1906 (BJM)

## OPINION AND ORDER

In an amended complaint, Juan C. Linares-Acevedo ("Linares"), and his wife, Miriam Blanco-Rodriguez, bring this diversity action against Donald Acevedo, Rich Port Development, LLC, and others alleging fraud, breach of contract, and damages under Article 1802 of the Puerto Rico Civil Code. Docket No. 30 ("Compl.").[1] Defendants answered and asserted a counterclaim. Docket No. 36. Following the close of discovery, defendants moved to dismiss for lack of subject matter jurisdiction, or alternatively, for summary judgment. Docket No. 26. Plaintiffs opposed. Docket No. 32. The parties consented to proceed before a magistrate judge. Docket No. 19.

For the reasons set forth below, defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The court does not

---

[1] The court granted plaintiffs' request to amend the complaint, except for the request to add Arthur MacMenomay as a new defendant. Docket No. 31.

Case 3:12-cv-01906-BJM   Document 40   Filed 03/17/14   Page 2 of 9

Juan C. Linares-Acevedo v. Donald Acevedo, Civil No. 12-1906 (BJM)                              2

weigh facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

The movant must first "inform[] the district court of the basis for its motion," and identify the record materials "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); R. 56(c)(1). If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

## BACKGROUND

The facts set forth below are based on plaintiffs' opposing statement of material facts (Docket No. 32-1, "OSMF"), and the court's independent review of the exhibits supporting defendants' motion.[2]

---

[2] By not filing a statement of facts with its motion, defendants violated Local Rule 56(b): "A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." Whether or not this case involves complex issues of fact or law, defendants may not unilaterally decide whether it will comply with the rule. Nonetheless, district courts "may forgive a party's violation of a local rule." *Crowley v. L.L. Bean, Inc.*, 361 F.3d 22, 25 (1st Cir. 2004). In the interest of justice, judicial economy, and because courts must "rigorously enforce" the jurisdictional limits set by Congress in diversity cases, *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995), I will consider defendants' motion on its merits.

Plaintiffs Juan C. Linares-Acevedo and his wife, Miriam Blanco-Rodriguez are residents of Ponce, Puerto Rico. Compl. ¶¶ 3.1–3.2. Donald Acevedo, a resident of South Carolina, is a builder and owns a 50% stake in Rich Port Development, LLC, a South Carolina Corporation. Compl. ¶¶ 3.3, 3.5. Linares and Acevedo are cousins. Acevedo travelled to Puerto Rico to attend Linares' wedding. At that time, the two began discussing the possibility of Linares purchasing real estate in South Carolina from Acevedo. OSMF ¶ 3. After various discussions, Acevedo offered to sell to Linares lots 21 and 22 on Aycock Drive in Anderson County, South Carolina. OSMF ¶ 4. Acevedo allegedly stated that the two lots were prime real estate worth $68,000, and that they were quickly appreciating in value such that they could be re-sold for $100,000 within a year. OSMF ¶ 14. The two lots, however, are actually in a 100-year flooding zone, a fact that Acevedo knew of but failed to disclose to plaintiffs. OSMF ¶ 8. Linares claims he trusted Acevedo because he was family, and they were close enough that Acevedo attended his wedding. OSMF ¶ 10.

On February 10, 2005, Linares and Rich Port Development entered into an agreement for the purchase and sale of lots 21 and 22 on Aycock Drive in South Carolina. Docket No. 26-1. The purchase price was $68,000, with a $6,800 down payment and the remaining balance to be paid in monthly installments of $673.86 at an interest rate of 12% per annum. Plaintiffs paid a total of $68,000 to defendants under the contract. OSMF ¶¶ 1, 6. The contract states that the seller "will convey good, fee simple marketable title, to the Property to the Purchaser by general warranty deed," and the transfer is to occur "on or before 60 days from date." Docket No. 26-1, at 1–2. Title to the two lots was never transferred to plaintiffs. OSMF ¶ 12.

An appraiser appraised the value of the two lots on February 22, 2012, and found each lot worth $1,000. Docket Nos. 32-5; 32-6. The same appraiser concluded that the two lots were each worth $1,400 in January 2005. Docket Nos. 32-7; 32-8. Upon realizing that the two lots were not worth nearly as much as what they paid for them,

plaintiffs filed this action in October 2012. The complaint asserts four causes of action: (1) damages under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141; (2) fraud; (3) misrepresentation; and (4) breach of contract. Compl. ¶¶ 5–8. Defendants counterclaimed for $112,560, the amount Linares allegedly still owes on the loan he obtained to purchase the properties at issue. Docket No. 36, at 4–5.

## DISCUSSION

Defendants argue that the court lacks subject matter jurisdiction over the case because the amount in controversy is below $75,000.00.[3] Alternatively, defendants argue that the evidence submitted demonstrates that there is no genuine issue of material fact and that they are entitled to summary judgment as a matter of law.

**I.   Subject Matter Jurisdiction – Amount in Controversy Requirement**

Federal courts are courts of limited jurisdiction, and "federal jurisdiction is never presumed." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). Rather, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *P.R. Tel. Co. v. Telecomm's Reg. Bd. of P.R.*, 189 F.3d 1, 7 (1st Cir. 1999). 28 U.S.C. § 1332 provides federal courts with diversity jurisdiction—jurisdiction over "controversies arising between citizens of different states, provided that the amount in controversy exceeds $75,000." *García Pérez v. Santaella*, 364 F.3d 348, 350 (1st Cir. 2004) (internal quotations omitted). A plaintiff's claim that damages meet the jurisdictional amount requirement generally suffices unless questioned by the opposing party or the court.

---

[3] Curiously, on the first page of their motion the defendants also list improper venue as a basis for dismissal. Yet later in the motion, under a section titled "discussion of venue not being proper (forum non conveniens)," defendants fail to include any discussion of the law or facts relevant to venue or forum non conveniens. This may be an unfortunate oversight, but it is only one example of the various careless, unprofessional errors committed by defendants in this case. The court declines to do counsel's work and reach the issues of venue or transfer. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. . . . [A] litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (internal quotations omitted).

*Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001). However, if challenged, the plaintiff must show "'that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" *Id.* (quoting *Dep't of Recreation and Sports v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991)).

Before examining plaintiffs' claim that the amount in controversy exceeds $75,000, the court must determine which jurisdiction's substantive law controls this diversity suit. A federal court sitting in diversity applies state substantive law to state law claims. *Hoyos v. Telecorp Comm'ns, Inc.*, 488 F.3d 1, 5 (1st Cir. 2007). This includes the forum state's choice of law principles. *See Hartford Fire Ins. Co. v. CNA Ins. Co. (Europe)*, 633 F.3d 50, 54 n. 7 (1st Cir. 2011). Puerto Rico generally follows the Restatement (Second) of Conflict of Laws and applies the "dominant or significant contacts test," in which the laws of the jurisdiction with the most significant contacts to the dispute apply. *Allstate Ins. Co. v. Occidental Int'l, Inc.*, 140 F.3d 1, 3 (1st Cir. 1998). Specifically, in disputes involving real property, the law of the jurisdiction in which the property is located applies. *Weston v. Stuckert*, 329 F.2d 681 (1st Cir. 1964); 31 L.P.R.A. § 10. Because the lots at issue in this case are located in South Carolina, its laws should govern plaintiffs' breach of contract, fraud, and misrepresentation claims.

Damages awards in breach of contract claims are meant to compensate the injured party, "that is, to put the plaintiff in as good a position as he would have been in had the contract been performed." *Drews Co., Inc. v. Ledwith-Wolfe Assocs., Inc.*, 296 S.C. 207, 209 (1988). Under South Carolina law, actual damages in a fraud case are determined under "the benefit of the bargain approach, according to which the plaintiff is entitled to the difference between the value he would have received if the defendant's representations had been true and the value he actually received, together with any proximately caused consequential or special damages." *Schnellmann v. Roettger*, 373 S.C. 379, 383 (2007). Moreover, punitive damages may be awarded if the

Juan C. Linares-Acevedo v. Donald Acevedo, Civil No. 12-1906 (BJM)                                                    6

misrepresentation was made knowingly or with reckless disregard for its truth. *Carter v. Boyd Const. Co.*, 255 S.C. 274, 283 (1971).

In this case, Linares argues that he could recover at least $100,000, the amount needed to put him in the position he would have been in had Acevedo's representations been truthful. Opp. 13–14. Whether Linares can recover $100,000 is unclear, but the court agrees that his damages may exceed $75,000. Because defendants never transferred title of the land over to Linares, he may be able to recover the $68,000 allegedly paid to defendants, in addition to any actual and punitive damages caused by Acevedo's alleged misrepresentation of the property's value. A jury may well find that punitive damages in excess of $7,000 are warranted, bringing Linares's total recovery to above $75,000. *See, e.g.*, *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 53 (2010) (sustaining punitive damages award in breach of contract and fraud action that was 8.21 times actual damages).[4] Therefore, Linares has satisfied his burden of demonstrating that it is not a legal certainty that his recovery cannot meet the jurisdictional threshold.

## II.     Article 1802 Claim

Article 1802 of the Puerto Rico Civil Code, Puerto Rico's general tort statute, generally does not apply in the context of commercial transactions. *Isla Nena Air Servs., Inc. v. Cessna Aircraft Co.*, 449 F.3d 85, 88 (1st Cir. 2006); *Betancourt v. W.D. Schock Corp.*, 907 F.2d 1251, 1255 (1st Cir. 1990). However,

> [a] plaintiff may bring a negligence claim based on a contractual relationship when there is both an alleged breach of contract *and* an alleged breach of the general duty not to negligently cause injury. This general duty not to act negligently must arise out of conditions separate from the parties' contract. If a plaintiff's damages arise exclusively from a defendant's alleged breach of contract, the plaintiff does not have a separate cause of action for negligence.

---

[4] Defendants erroneously cite *Cinalli v. Kane*, 191 F. Supp. 2d 601 (E.D. Pa. 2002), for the proposition that punitive damages cannot be considered in determining whether the amount-in-controversy requirement is satisfied. To the contrary, the court in *Cinalli* stated that when punitive damages are recoverable, they "are properly considered in determining whether the jurisdictional amount is satisfied." 191 F. Supp. 2d at 606.

*Nieves Domenech v. Dymax Corp.*, 952 F. Supp. 57, 65–66 (D.P.R. 1996) (citations omitted). Here, plaintiffs' injuries (economic or otherwise) directly arise out of Acevedo's alleged fraud and misrepresentation, conduct which forms the basis of Linares's breach of contract claim. Because Acevedo's alleged breach of duty of care is intertwined with the alleged breach of contract, plaintiffs cannot bring a separate cause of action under Article 1802, and the claim must be dismissed.[5]

### III.     Breach of Contract, Fraud, and Negligent Misrepresentation

Upon a careful review of the record, I find that Linares has raised genuine issues of material fact such that summary judgment on his breach of contract, fraud, and negligent misrepresentation claims is inappropriate at this time.

Under South Carolina law, the elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach. *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 89 (1962). Here, the parties do not dispute the existence of a valid contract. Linares and Rich Port Development entered into an agreement for the purchase and sale of lots 21 and 22 on Aycock Drive for $68,000, to be paid with a $6,800 down payment and monthly installments at a 12% interest rate. Docket No. 26-1. Seller agreed to "convey good, fee simple marketable title" to the purchaser "on or before 60 days from date." Docket No. 26-1, at 1–2. Acevedo admits that title to the two lots was never transferred to Linares. OSMF ¶ 12. He claims that title was not transferred because Linares had not paid in full the amount due under the contract. Docket No. 32-4, at 19. Because the contract is not entirely clear as to when title is to be conveyed to

---

[5] Linares's reliance on *Diaz Irizarry v. Ennia, N.V.*, 678 F. Supp. 957 (D.P.R. 1988) and similar cases is inapposite, because those cases did not involve Article 1802 claims. The question before the court in *Diaz Irizarry* was whether consequential damages, in the form of physical injury and mental suffering, were recoverable in a breach of contract action. *See* 678 F. Supp. at 961.

Linares, I find there is a genuine issue of material fact precluding summary judgment on the breach of contract claim.[6]

To state a claim for fraud, plaintiff must establish (1) a representation of fact that is (2) false, (3) material, (4) made with knowledge of its falsity or a reckless disregard for its truth, (5) intent that the representation be acted upon, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury. *Schnellmann*, 373 S.C. at 382. The main difference between fraud and negligent misrepresentation claims is that the former requires the misstatement to be made knowingly or recklessly, and the latter only requires a negligent mental state. However, in both instances, the plaintiff must show that reliance upon the false statement was reasonable. *McLaughlin v. Williams*, 379 S.C. 451, 457 (Ct. App. 2008).

Here, Linares claims Acevedo knowingly made two materially false representations: (1) lots 21 and 22 were prime real estate, suitable for development when they were actually located in a flood zone, and (2) the lots had a market value of $68,000 and were appreciating in value such that they could be resold for $100,000 within a year. Opp. 18. Relying on Acevedo's misstatements, Linares agreed to purchase lots 21 and 22 for $68,000—an amount far more than what the lots are actually worth given their location in a potential flood zone. As plaintiffs rightly concede, however, the issue of whether Linares was reasonable in relying on Acevedo's representations regarding the property's suitability for development and market value is generally a question for the jury. *See Unlimited Servs., Inc. v. Macklen Enterprises, Inc.*, 303 S.C. 384, 387 (1991). Having failed to reference any authority to the contrary, defendants' request for summary judgment on Linares' fraud and negligent misrepresentation claims must be denied.

---

[6] Notably, defendants repeatedly state in a conclusory fashion that they are entitled to summary judgment on all of plaintiffs' claims, yet defendants' brief contains no discussion of the merits of Linares' breach of contract claim.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is **GRANTED** as to plaintiffs' Article 1802 claim, and otherwise **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of March, 2014.

                                      *S/ Bruce J. McGiverin*
                                      BRUCE J. MCGIVERIN
                                      United States Magistrate Judge